GARY BEIER, SR., AND ANOTHER, INDIVIDUALLY AND
AS PARENTS AND NATURAL GUARDIANS OF DAWN
BEIER AND OTHERS, v. DEAN D. DRESBACH,
d.b.a. ARDOT'S BAR, AND OTHERS.

229 N. W. 2d 17.

April 25, 1975—No. 45107.

*Paul A. Skjervold,* for appellants.
*R. Glenn Nord,* for respondent Dresbach.
*Dean K. Johnson,* for respondents Mamer.
*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan,*
*J. Richard Bland,* and *O. C. Adamson II,* for respondent Gosewisch.

PER CURIAM.

Plaintiffs appeal from summary judgment for defendants in an action
for common-law negligence and for violation of the Civil Damage Act,
Minn. St. 340.95. The issues on appeal are limited to the question of lia-
bility under the Civil Damage Act because of the nonretroactive appli-
cation of Trail v. Christian, 298 Minn. 101, 213 N. W. 2d 618 (1973).

Plaintiffs were injured early on the morning of May 8, 1972, when
their automobile was struck head-on in their lane by an automobile oc-
cupied by Charles and Donald Vanasek. Blood samples of the Vanasek
brothers, who both died at the scene of the accident, revealed that their
blood contained .28 and .29 percent alcohol by weight. In their com-
plaint, plaintiffs alleged that each of the defendants, on or about May
7 or May 8, 1972, illegally sold, bartered, or gave intoxicating liquors
to the Vanasek brothers.

Under Rule 56.03, Rules of Civil Procedure, in order to grant summary judgment, the trial court must find that "there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." To recover under § 340.95, plaintifffs must prove the illegal "selling, bartering or giving intoxicating liquors." We have carefully reviewed the affidavits and depositions in this matter and can find no evidence which would support a reasonable inference that any of the defendants illegally furnished the Vanasek brothers intoxicating liquor. Under the facts, the granting of the motions for summary judgment was proper.

Affirmed.